UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| PATRICIA FREELAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:13-cv-90 |
| MICHAEL J. KULAK, | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion for a More Definite Statement [DE 17] filed by the defendant, Michael Kulak, on June 18, 2013. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Patricia Freeland, filed her amended complaint against the defendant, Michael J. Kulak, on March 29, 2013. After identifying the parties and the basis of jurisdiction, Freeland titled the next section statement of facts. Under this heading, she alleged that Kulak demanded payment of a debt in the amount of $117,867.22 and alleged authority to exercise a lien on her property to collect the debt. Freeland then defined debt collector and stated that she never entered a contractual agreement with the defendant. Freeland quoted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, which explains that if a consumer notifies the debt collector that she disputes the debt, the debt collector must cease his debt collection efforts until the debt collector can verify the debt and provide the name and address of the original creditor. Freeland stated that Kulak did not respond to her debt validation letter.

1

Freeland then went on to site various provisions of the Uniform Commercial Code, adding that Kulak did not have authority to make a demand for payment. Freeland also noted once more that Kulak was negligent in attempting to collect the debt because he did not provide the statutorily required proof of the debt.

Freeland then labeled the next section FDCPA. Under this section, she explained that Kulak was collecting a debt on a consumer mortgage agreement. She devoted a paragraph to defining debt collector and explaining that an assignee is a debt collector under the FDCPA. She then explained that her mortgage was a debt under the FDCPA before citing to a Fourth Circuit case discussing that assignees or substitute trustees for mortgage holders are not exempt from the provisions of the FDCPA.

The following paragraph discussed agency, citing various Texas and Supreme Court cases. Freeland then stated that she challenged both the actual and apparent authority of Kulak to collect the debt. Freeland cited the various theories of agency, explaining how authority is created.

Next, Freeland stated that no instrument exists that shows that she has an obligation to the Kulak, and even if one does, Kulak does not have the authority to collect the debt. Freeland alleged that Kulak used false, deceptive, and misleading representations or means in connection with the collection of the debt and that Kulak misrepresented the character, amount, and legal status of the debt and threatened to take action against her that could not legally be taken. She stated that Kulak sent mail that contained fraudulent and negligent demands for payment.

Freeland then identified three causes of action. First, she stated that Kulak violated the FDCPA, 15 U.S.C. §§ 1692e and 1692f by providing false and misleading information by

mailing a letter on December 14, 2011, because Kulak has failed to prove the existence of the debt or that he is the bona fide holder of the debt instrument. She further complains that Kulak used false, deceptive, and misleading representations in connection with the collection of the debt.

Freeland stated that her second cause of action was under the FDCPA, explaining that the balance due and account paid in full overshadows the consumer warning on the document.

Finally, Freeland alleges negligence, stating that Kulak misled her to believe that she was under an obligation to forfeit her personal property and that Kulak made the demands without authority.

The defendants now move for a more definite statement, arguing that Freeland's claims are vague and ambiguous.

*Discussion*

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement generally are disfavored. A motion for more definite statement cannot be used to obtain factual details that can be gathered through discovery. ***CNH America, LLC v. Equipment Direct-USA, LLC***, 2010 WL 1790364, *2 (C.D. Ill. April 1, 2010). "If the pleading meets the requirements of Rule 8 FRCP and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." ***CNH***, 2010 WL 1790364 at *2; ***Wishnick v. One Stop Food & Liquor Store, Inc***., 60 F.R.D. 496, 498 (N.D. Ill. 1973).

3

Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Rule 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief. **Federal Rule of Civil Procedure 8(a)(2)**. The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The plaintiff must do more than make "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions". *Iqbal*, 556 U.S. at 677; 129 S.Ct. at 1949. The pleaded facts must show more than a "mere possibility of misconduct" to satisfy the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50; *see also* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, *1 (7th Cir. June 23, 2009)(defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

Allegations of fraud or mistake also must state the circumstances surrounding the fraud or mistake "with particularity," although these allegations still are bound by the standards of Rule 8(a)(2). **Federal Rule of Civil Procedure 9(b).** *See Iqbal*, 129 S. Ct. at 1954 (explaining that the heightened pleading standard of Rule 9(b) does not grant a "license to evade" the constraints of Rule 8). All civil cases filed in federal court must meet the heightened standards of Rule 9(b), "whether or not the applicable state or federal law requires a higher standard of proving fraud." *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 470 (7th Cir. 1999).

To plead fraud with the required particularity, a complaint "must allege 'the identity of

the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.' " *Kennedy v. Venrock Associates*, 348 F.3d 584, 593 (7th Cir. 2003)(quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)). *See also* **U.S. ex rel West v. Ortho-McNeil Pharmaceutical, Inc.**, 2007 WL 2091185, at *3 (N.D. Ill. July 20, 2007)(stating that Rule 9(b) requires a plaintiff alleging fraud to include the " 'who, what, when, where, and how: the first paragraph of any newspaper story' ")(citing ***DiLeo v. Ernst & Young***, 901 F.3d 624, 627 (7th Cir. 1990)). Although the misrepresentation that a plaintiff claims was fraudulent must be stated in her complaint, Rule 9(b) does not demand that the plaintiff's "theory of the case" be explained; the sufficiency of this portion of a claim is tested under Rule 12(b)(6). ***Midwest Commerce Banking Co. v. Elkhart City Ctr.***, 4 F.3d 521, 523-24 (7th Cir. 1993). In ***Elkhart***, the court found that the plaintiff's complaint, which alleged that a law firm fraudulently failed to inform the plaintiff that a loan agreement remained unsigned, satisfied Rule 9(b) because it "set forth the date and content of the statements. . . that it claimed to be fraudulent." ***Elkhart***, 4 F.3d at 524. Importantly, it is in the *complaint*, and not in a party's subsequent *brief*, where the "requisite particularity" must first be pled. ***Kennedy***, 348 F.3d at 593.

"As a *pro se* litigant, [a] [p]laintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney." ***Cintron v. St. Gobain Abbrassives, Inc***., 2004 WL 3142556, * 1 (S.D. Ind. Nov. 18, 2004). Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart***

5

*Stores*, 1994 WL 899240, * 1 (N.D. Ind. Apr. 12, 1994). The *Lee* court explained that,

> [the court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Lee*, 1994 WL 899240 at *1 (quoting ***Mohasco Corp. v. Silver***, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

Freeland alleges that Kulak violated the Fair Debt Collections Act by failing to prove that he held the debt instrument, threatening to take illegal actions, and continuing collection activity after receiving notice of dispute. To establish a prima facie case under the FDCPA, Freeland must show that she is a natural person who was harmed by violations of the FDCPA or is a consumer; that the debt arises from a transaction entered for personal, family, or household purposes; that Kulak is a debt collector; and that Kulak has violated a provision of the FDCPA. Marjorie Wengert, *Causes of Action for Violation of Fair Debt Collection Practices Act*, 29 Causes of Action 2d 1 (2005). Debt collector is defined as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." **15 U.S.C. § 1692a(6).** The statute specifically excludes an officer or employee of a creditor collecting debts for that

6

creditor in its name. **15 U.S.C. § 1692a(6)(A).** Freeland must show that Kulak, a debt collector, violated one of the following provisions:

> 15 U.S.C.A. § 1692b. Acquisition of location information
>
> 15 U.S.C.A. § 1692c. Communication in connection with debt collection
>
> 15 U.S.C.A. § 1692d. Harassment or abuse
>
> 15 U.S.C.A. § 1692e. False or misleading representations
>
> 15 U.S.C.A. § 1692f. Unfair practices
>
> 15 U.S.C.A. § 1692g. Validation of debts
>
> 15 U.S.C.A. § 1692h. Multiple debts

In her complaint, Freeland has alleged that she received a letter demanding payment in the amount of $117,867.22. She later identified the debt as one on real property she purchased. Freeland has alleged that she was harmed because Kulak tried to enforce a debt that he that he did not have an enforceable interest in. Freeland devoted numerous pages of her complaint to defining agency and discussing that Kulak did not have the authority to enforce the debt. Although the court agrees that much of this is superfluous, what is clear from Freeland's statements is that she is alleging that she never entered into an agreement with Kulak. Therefore, Kulak could not have been attempting to collect a debt he was due and did not fall into the exception under 15 U.S.C. § 1692a(6)(A). Therefore, Freeland alleges that Kulak was a debt collector as defined by the FDCPA.

Freeland has identified several provisions of the FDCPA, which she alleges Kulak violated, including 15 U.S.C. § 1692g, which states:

7

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Freeland has stated that Kulak made a demand for a debt, did not respond to her debt validation letter, and did not provide verification of the debt or the name and address of the original creditor as required by the FDCPA. Freeland clearly has stated that Kulak violated this provision because he did not provide proof of the debt or the name and address of the original creditor. The court finds that given Freeland's *pro se* status, she sufficiently has set forth a violation of 15 U.S.C. § 1692g.

Freeland also has alleged that Kulak violated the FDCPA by mailing a letter dated December 14, 2011, that contained false and misleading information and asked for a lump sum of money and that Kulak used false, deceptive, and misleading representations in connection with the collection of debt. Freeland has stated that Kulak demanded payment of debt that she did not owe and made "threats of dire consequences". Beyond this, Freeland did not identify the threats Kulak made or when the threats were made. Because allegations of fraud must be stated with particularity, and should set forth the content and time of the fraudulent behavior, Freeland has failed to comply with the pleading requirements. *See* **Rule 9**. If Freeland desires to advance these claims, she must state more specifically the factual basis of her allegations. For this reason, Kulak's motion is **GRANTED.**

Freeland also has stated that her third cause of action was negligence. She referred to the same series of events, namely, that Kulak made false representations when demanding payment of her debt. However, these actions appear to be deliberate. The factual basis of Freeland's negligence claim is not clear from her complaint. Freeland

must correct this allegation.

Kulak also complains that Freeland did not organize her complaint as required by Federal Rule of Civil Procedure 10(b). Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The court agrees that Freeland's complaint is filled with extraneous matter other than the facts, as she alleges, and the theories of relief under which she intends to proceed. Although Freeland is proceeding *pro se*, she is not excused from following the procedural rules. Freeland should organize her complaint so that it is clear what factual allegations support each theory under which she is proceeding. She is advised that the complaint should not contain paragraphs of legal argument. Rather, it should set forth the facts in an organized, succinct fashion, showing that facts exist to support each element of each claim. The allegations should be set forth in numbered paragraphs so that Kulak can answer each paragraph.

Based on the foregoing reasons, Kulak's motion is GRANTED. Freeland is DIRECTED to amend her complaint to state her claims of fraud with particularity, identify the negligent acts Kulak engaged in, and to set forth her allegations in numbered paragraphs, each limited to a single set of circumstances. Any proposed amended complaint shall be filed within 21 days of this Order.

ENTERED this 13th day of November, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge