UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PATRICIA FREELAND,　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)2:13-cv-90
　　　　　　　　　　　　　　　　　　)
MICHAEL J. KULAK,　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

OPINION AND ORDER

This matter is before the court on the Motion for a More Definite Statement [DE 29] filed

on January 13, 2014, and the Motion to Strike Plaintiff's Motion for a More Definite Statement

[DE 32] filed on March 10, 2014.  For the following reasons, the motions are **GRANTED.**

*Background*

The *pro se* plaintiff, Patricia Freeland, filed her original complaint on March 8, 2013,

and amended it on March 29, 2013.  She identified three causes of action. First, she stated that

the defendant, Michael Kulak, violated the FDCPA, 15 U.S.C. §§ 1692e and 1692f by providing

false and misleading information by mailing a letter on December 14, 2011.  Freeland alleged

that Kulak failed to prove the existence of the debt or that he was the bona fide holder of the debt

instrument. She further complained that Kulak used false, deceptive, and misleading

representations in connection with the collection of the debt.  Freeland stated that her second

cause of action was under the FDCPA, explaining that the balance due and account paid in full

overshadowed the consumer warning on the document. Finally, Freeland alleged negligence,

stating that Kulak misled her to believe that she was under an obligation to forfeit her personal

property and that Kulak made the demands without authority.

On June 18, 2013, Kulak moved for a more definite statement.  The court granted the

Kulak's motion in part and denied it in part. The court explained that Freeland sufficiently set forth a violation of 15 U.S.C. § 1692g because she alleged facts to show that Kulak was a debt collector who violated several provisions of the FDCPA by making a demand for a debt, failing to respond to her debt validation letter, and failing to provide verification of the debt or the name and address of the original creditor as required by the FDCPA.

Freeland also alleged that Kulak violated the FDCPA by mailing a letter dated December 14, 2011, that contained false and misleading information and asked for a lump sum of money and that Kulak used false, deceptive, and misleading representations in connection with the collection of debt. The court noted that allegations of fraud must be stated with particularity and because Freeland did not identify the threats Kulak made or when the threats were made, she failed to satisfy the pleading requirements.

The court also found that Freeland's negligence claim was not sufficiently pled because it could not discern the factual basis of Freeland's claim. In her complaint, Freeland alleged a series of deliberate events. The court directed Freeland to clarify the factual basis of her negligence claim if she wished to advance this claim.

The court further advised Freeland that Federal Rule of Civil Procedure 10(b) required that the plaintiff organize her complaint "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The court directed Freeland to comply with this rule in her amended complaint.

On December 26, 2013, Freeland filed her amended complaint. Kulak again moves for a more definite statement. Following Kulak's motion, Freeland filed a document entitled More Definite Statement. Kulak moves to strike this document.

*Discussion*

Freeland's Second Amended Complaint is the mirror image of her Amended Complaint, except for the certificate of service, signature, and verification pages. Freeland also changed one heading from "Statement of Claim" to "Factual Accusation", but she followed it with the same excerpts from the UCC and did not change the content to include factual allegations. The change in heading alone does not convert Freeland's recitations of the law to factual pleadings. Rather, Freeland's second amended complaint has the same shortcomings as the previous one. As the court explained in its November 13, 2013 Opinion and Order, Freeland has not identified the threats Kulak made or when the threats occurred to support her claim of fraud. Similarly, Freeland alleged only deliberate acts and did not set forth any facts that could form the basis of her negligence claim. Because Freeland did not provide a further factual basis for her claims, she again has failed to sufficiently plead her claims of negligence and fraud under the FDCPA. For these reasons, Kulak's motion is **GRANTED.**

After Kulak filed his second motion for a more definite statement, and after the deadline set by the court for Freeland to file her amended complaint, Freeland filed a document entitled "More Definite Statement." The document appears to be Freeland's third amended complaint rather than a response to Kulak's motion.

Federal Rule of Civil Procedure 15(a) states that a party may amend its pleading once as a matter of course within 21 days of serving it or 21days after service of a responsive pleading, whichever is earlier. Otherwise, pleadings only may be amended "with the opposing party's written consent or the court's leave." Kulak did not consent to the amended pleading and Freeland did not seek leave of court. Although the court recognizes that *pro se* litigants face

special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart Stores***, 1994 WL 899240, * 1 (N.D. Ind. Apr. 12, 1994). The ***Lee*** court explains,

> [the court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

***Lee***, 1994 WL 899240 at *1 (quoting ***Mohasco Corp. v. Silver***, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

Freeland did not comply with Rule 15(a) because she failed either to obtain Kulak's consent or to seek leave of court to file her third amended complaint. If her document entitled "More Definite Statement" corrected her previous shortcomings, the court might let it stand, but it does not. For this reason, the court **STRIKES** Freeland's document entitled More Definite Statement [DE 31]. Freeland must file an amended complaint that corrects her shortcomings as the court explained thoroughly in its preceding Opinion and Order, or she will risk not being able to proceed on these claims. Freeland is further **DIRECTED** to comply with Rule 10(b) and to organize her complaint into numbered paragraphs, each containing a single idea. The third and final amended complaint shall be filed within 21 days of this Order.

ENTERED this 16th day of April, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge